[Cite as *In re J.J.*, 2026-Ohio-2984.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

IN THE MATTER OF:

J.J.

CASE NO. 2026-T-0055

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2023 JP 00013

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: August 3, 2026
Judgment: Appeal dismissed

*Earl Butler, Jr.*, pro se, 26241 Lakeshore Boulevard, #1255, Euclid, OH 44132 (Plaintiff-Appellant).

*Hannah J. Sylvester*, Community Legal Aid Services, Inc., 160 East Market Street, Suite 225, Warren, OH 44481 (For Defendant-Appellee).


JOHN J. EKLUND, J.

{¶1} Appellant, Earl Butler, Jr., filed a pro se appeal from a May 15, 2026 order, in which a magistrate from the Trumbull County Court of Common Pleas, Juvenile Division, granted, in part, the motion to suspend appellant's parenting time filed by appellee, mother, and set the dates for a pretrial and final trial.

{¶2} Initially, this court must determine if there is a final and appealable order since we may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can immediately review a trial court's judgment only if it

constitutes a "final order" in the action. *Tax Ease OH IV, L.L.C. v. Osmic,* 2025-Ohio-5098, ¶ 2 (11th Dist.). If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and it must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶3} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments, and if a trial court's judgment satisfies any of them, it will be deemed a "final order" and can be immediately reviewed on appeal. Here, the May 15, 2026 Magistrate's Order being appealed does not fit within any of the categories for being a final order under R.C. 2505.02(B) and did not dispose of all claims.

{¶4} Generally, "a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." *See* Civ.R. 53(D)(2)(a)(i). This court has stated that although a magistrate's order is effective without judicial approval, it is not "directly appealable." *Tax Ease* at ¶ 4. Thus, the magistrate's order is simply interlocutory in nature. *Id.*

{¶5} In the present case, the May 15, 2026 Magistrate's Order is interlocutory in nature and is not final and appealable. Therefore, this court does not have jurisdiction to hear this appeal. However, nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶6} Based upon the foregoing analysis, the magistrate's order is not final and appealable, and this appeal is dismissed for lack of jurisdiction.

EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2026-T-0055

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is dismissed for lack of jurisdiction.

Costs to be taxed against appellant.

_____
JUDGE JOHN J. EKLUND

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE ROBERT J. PATTON,
concurs

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
|---|
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2026-T-0055